IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY STARR and ANDREW PHELAN, individually and on behalf of a class of persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO CUT STEAKHOUSE, LLC, an Illinois limited liability company, <br><br> Defendant. | Case No. 12-cv-4416 <br><br> Hon. Edmond E. Chang |

**FINAL APPROVAL AND DISMISSAL ORDER**

This matter coming before the Court on the request of Plaintiffs for final approval of the Parties' Class Action Settlement Agreement ("Settlement Agreement"), and for dismissal, and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, the members of the Settlement Class, and Defendant;

2. The dissemination of the Notice Packet, as provided for in the Settlement Agreement, constituted the best practicable notice under the circumstances to all members of the Settlement Class and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

3. One member of the Settlement Class opted out of the Settlement;

4. No member of the Settlement Class objected to the Settlement;

5. The Court finds the Settlement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A. That all defined terms contained herein shall have the same meanings as set forth in the Parties' Settlement Agreement;

B. The Court gives final approval of the Settlement as fair, reasonable, and adequate to the Named Plaintiffs and to each member of the Settlement Class, and in their best interests, and in full compliance with all requirements of due process and federal law. The Settlement is finally approved in all respects and its terms and provisions shall be consummated;

C. That, except as to any person who has timely and effectively requested exclusion from the Settlement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and bars and permanently enjoins all members of the Settlement Class who worked for Defendant as tip pool employees in Illinois and who did not opt-out of the Settlement from prosecuting any released claims against Defendant;

D. The Court finds that Named Plaintiffs and Class Counsel adequately represented the members of the Settlement Class for the purposes of entering into and implementing the Settlement;

E. The Court approves the settlement payments to be made to each Claimant;

F. The Court approves the payment of attorneys' fees, costs, and expenses to Class Counsel (the "Attorneys' Fees and Costs Award") in the total amount of $68,125.00. The Attorneys' Fees and Costs Award shall be distributed to Class Counsel in accordance with the terms of the Settlement Agreement;

G. The Court approves the Incentive Awards to the Class Representatives as compensation for their time in the amount of $5,000 each, distributed in accordance with Settlement Agreement;

H. That, except as otherwise provided in the Settlement Agreement or herein, the settling Parties are to bear their own attorneys' fees and costs; and

I. The Court dismisses this action in its entirety.

Dated: September 2, 2015

 _____
 Hon. Edmond E. Chang
 United States District Judge

3